HOUSTON E. & W. T. RY. CO. v. HAMLIN LUMBER CO. et al.

(Court of Civil Appeals of Texas.     Feb. 21, 1911.     Rehearing Denied March 23, 1911.)

1. CARRIERS (§ 184*)—ACTION—ISSUES, PROOF, AND VARIANCE—EVIDENCE ADMISSIBLE.

Plaintiff contracted with a connecting carrier to carry a shipment of lumber between two points, over the roads of a number of connecting carriers, and to stop the shipment en route at a planing mill to have the lumber planed, and plaintiff paid the through rate between the point of shipment and the point of destination, but the carrier who should have delivered it to the planing company refused to deliver it for a long time, on the ground that under a rule of the Railroad Commission that such a stop-over was unlawful unless the sum of the local rates between the two points had been charged. *Held*, in an action for the delay, and for loss of part of the lumber and depreciation in value, that the defense that the railroad agent who made

the contract with plaintiff had no authority under such rule of the Railroad Commission to issue a through bill of lading with stop-over privileges on payment of the through rate only could not be set up under a general denial, but defendant should have set up the facts by a plea of confession and avoidance, and although evidence to sustain such a defense was introduced, under the pleadings of the other defendant carriers, defendant not having pleaded such defense could not take advantage of the same.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 184.*]

2. APPEAL AND ERROR (§ 740*)—ASSIGNMENTS OF ERROR.

An assignment of error complaining of the entire conclusions of law, or of the entire findings of fact, is too general to be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3028;. Dec. Dig. § 740.*]

Appeal from Shelby County Court; W. D. White, Judge.

Action by the Hamlin Lumber Company against the Houston East & West Texas Railway Company and others. There was a judgment against the Houston East & West Texas Railway Company, and that defendant appeals. Affirmed.

John T. Garrison and Baker, Botts, Parker & Garwood, for appellant. Young. & Stinchcomb, for appellees Texas & G. Ry. Co. and Texas & P. Ry. Co. Davis & Davis, for other appellees.

REESE, J. This is a suit in the county court by the Hamlin Lumber Company against the Houston East & West Texas Railway Company, the Texas & Gulf Railway Company, the Texas & New Orleans Railroad Company, the Texas & Pacific Railway Company, and the Kansas City, Mexico & Orient Railway Company, to recover damages, laid at $700, growing out of a shipment of lumber from Silas, a station on the Texas & Gulf Railway Company, to Hamlin, a station on the Kansas City, Mexico & Orient Railway. The case was tried without a jury. The plaintiff had judgment against the Houston East & West Texas Railway Company for $300 and that plaintiff take nothing against the other defendants. From the judgment, the Houston East & West Texas Railway Company appeals.

No errors are assigned as to the judgment in favor of the other defendants.

The plaintiffs, who were lumber dealers at Hamlin operating under the firm name of the Hamlin Lumber Company, alleged that about March 27, 1909, they delivered to' the Texas & Gulf Company, at Silas, three car loads of lumber, to be shipped over that line and the Houston East & West Texas Railway to Nacogdoches, and thence over the other lines to destination, with the direction to be stopped at Nacogdoches and there delivered to the Crate & Planer Company, to be planed; that they paid to the agent of the initial carrier the regular through rate demanded of 21¼ cents per 100 pounds to

Hamlin, and also $5 per car demanded for the stop-over privilege, and that the Texas & Gulf Company issued to them a through bill of lading in accordance with this contract. The cars were delivered to the Houston East & West Texas Railway Company at Timpson and carried by it to Nacogdoches. Upon arrival at Nacogdoches the latter company refused to deliver the same to the planing company, but kept the same upon their tracks for 44 days. The lumber was then delivered to the planing company and after being dressed went forward to Hamlin, under a claim of the Houston East & West Texas Railway Company of $127 demurrage charges, which plaintiffs were required to pay before the lumber would be delivered to them by the Kansas City, Mexico & Orient Railway Company. It is claimed that these demurrage charges while the lumber was in appellant's possession at Nacogdoches were wrongful, and that while the cars were in the possession of appellant one of them was broken open and lumber of the value of $49 was taken. It was further alleged that on account of the depreciation in the value of lumber during the time of the delay, caused by the wrongful act of appellant, appellee had sustained damages to the amount of $200. The court found these allegations to be substantially true, and awarded appellee $127 demurrage charges wrongfully exacted,. $49 value of lumber taken, and $124 depreciation in the value of the lumber, aggregating $300, for which judgment was rendered.

The Texas & Gulf Company and the Texas & Pacific Company in answering set up as a defense that by order, rule, or regulation of the Railroad Commission of Texas it was unlawful to allow the stop-over for planing in, transit when the stop-over was at a point not on the line of the initial carrier, and that in order to do this the sum of the local rate, and not the through rate, should have been charged. The local rate from Silas to Nacogdoches was 11 cents per 100 pounds and from Nacogdoches to Hamlin was 21¼ cents per 100, making 32¼ cents. per 100, while the through rate from Silas to Hamlin was 21¼ cents per 100. Appellant answered only by general demurrer and. general denial.

It was established by the evidence, and found by the trial court, as shown by the conclusions of fact in the record, that it had been the custom for shippers of lumber from points on the Texas & Gulf Railway to be allowed to have lumber stopped at Nacogdoches for planing upon paying the through rate from the initial point to destination, plus a charge of $5 per car, as was contracted for in this case. At the time of this shipment Hamlin was what is known as a prepay station, and upon arrival at Nacogdoches appellant refused to deliver the cars to the planing company unless on,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

payment of the additional charge of 11 cents, being the difference between the through rate paid by appellee at Silas and the sum of the local rates as stated, which it is claimed in the assignments of error the rule of the Railroad Commission required.

It is urged by appellant in its assignments of error that the agent of the Texas & Gulf Company at Silas had no authority, under the rule of the Railroad Commission referred to, to issue a through bill of lading with stop-over privilege at Nacogdoches, and that in such case the proper freight rate was the local rate to Nacogdoches, plus the rate from that point to Hamlin. The answer to this contention by appellee is that appellant cannot set up this defense under a general denial. We think this contention is sound. Smothers v. Field, Thayer & Co., 65 Tex. 437; Scarborough v. Alcorn, 74 Tex. 360, 12 S. W. 72; Guess v. Lubbock, 5 Tex. 538; Marley v. McAnelly, 17 Tex. 660; Moody v. Rowland, 100 Tex. 370, 99 S. W. 1112; Reilly v. Lewis, 47 S. W. 553.

It cannot be (and, as we understand, is not) seriously contended that, if the allegations of the petition be true, appellee is not entitled to recover whatever damages proximately resulted from the delay in delivering the lumber to the planing company by appellant, but it seeks to avoid this consequence by showing that by rule of the Railroad Commission their action was not wrongful. This they could only do by a plea setting up these facts, which would have been a plea in confession and avoidance of the matters alleged as grounds for recovery in the petition. It is true that evidence was introduced upon this issue, but this was proper under the pleadings of the Texas & Gulf and Texas & Pacific companies; but, even if there had been no such pleadings by them, the admission of the evidence would not have entitled the appellant to the benefit of the defense under his general denial. Reilly v. Lewis, supra. There was sufficient evidence to authorize the finding that the lumber was taken from the cars while in appellant's possession, and that it is liable for the value thereof, and that it is also liable for the depreciation in the value of the lumber during the time that the shipment was wrongfully delayed by it. Upon both charges the evidence is sufficient to support the finding as to the amount.

The assignments of error complaining of the entire conclusions of law in a lump is too general to be considered, and the same must be said with regard to the assignment complaining of the entire findings of fact. We have examined each of the assignments of error and propositions thereunder, and conclude that none of them present grounds for reversal. Outside of the alleged order of the Railroad Commission referred to, which cannot avail appellant under its pleadings, no defense is presented to appellee's claim, and judgment was properly rendered against it for the several amounts stated. It is stated in appellee's brief that defendants answered, setting up the rule or order of the Railroad Commission referred to. This is not correct. Each defendant answered separately, and while two of them in whose favor judgment was rendered (not on this ground, however) by their answers presented this defense, appellant's answer contained only a general demurrer and general denial.

Finding no error, the judgment is affirmed.

Affirmed.