[No. 3373. June 12, 1930.]

FIDEL et al. v. VENNER et al.

[289 Pac. 803.]

Mechem & Vellacott, of Albuquerque, for appellants.

Downer & Keleher and Claud S. Mann, all of Albuquerque, for appellees.

## OPINION OF THE COURT

SIMMS, J.

This case involves the sole question of whether a lease on community real estate, for a term of three years, with an option for five years more, executed by the husband alone is valid without the signature of the wife.

 Chapter 84, Laws 1915 (Comp. 1929, 68—403,) as amended, reads as follows:

*"Power of the Husband over Community Property.* The husband has the management and control of the personal property of the community, and during coverture the husband shall have the sole power of disposition of the personal property of the community, other than testamentary, as he has of his separate estate; but the husband and wife must join in all deeds and mortgages affecting real estate; provided, that either husband or wife may convey or mortgage separate property without the other joining in such conveyance or mortgage; and, provided, further, that any transfer or conveyance attempted to be made of the real property of the community by either husband or wife alone shall be void and of no effect."

Appellants contend, first, that the effect of the statute is to deny to the husband the right to manage the real estate of the community or to act as agent in regard to it. The argument is that, since the prior statute, section 16, c. 37, Laws 1907 (section 2766, Code 1915), gave the husband the management of both the real and personal property of the community, the subsequent enactment served to curtail that power of management by confining it to the personal property of the community. But both statutes must be construed in the light of the historical background which surrounds the community property system. It was unknown to the common law, but comes to us from the civil law of Mexico and Spain. Before his power was curtailed by statute, the husband enjoyed the control and management of both real and personal property of the community and had the power of alienation without the wife's joinder. Section 16, c. 37, Laws of 1907, in so far as it affirms the power of the husband to manage and control the community property, both real and personal, is declaratory of the pre-existing law. And chapter 84, Laws 1915, is also a recognition of the power of the husband over the per-

sonal property of the spouses, coupled with a restriction against sale or mortgaging of real estate without the wife's joining. There is nothing in the act itself which in terms forbids the husband to manage and control the realty of the community, except in the two instances mentioned. It would indeed be an anomalous situation if the community, composed of husband and wife, could have no head or agent in the transaction of business. Whatever inroads may have been made by modern ideas upon the time-honored position of the husband as lord and master of the family, the law still regards him as the head of the community and provides for his removal and the substitution of the wife under certain circumstances. Comp. 1929, § 68—404. He alone has power to bind the community for debt. Morris v. Waring, 22 N. M. 175, 159 P. 1002. Title taken in his name is presumptively community title. The converse is true of the wife. Comp. 1929, § 68—401. We do not believe that by restricting the husband's power to execute a deed or mortgage without the wife's joining it was the intention of the Legislature to take from him the right and power to manage and control the real estate of the community in all other respects. Baca v. Belen, 30 N. M. 541, 240 P. 803.

We find nothing in Beals v. Ares, 25 N. M. 459, 185 P. 780, 793, which conflicts with the views we have expressed. The matter before the court was a division of community property made necessary by divorce. Giving full effect to the discussion and conclusions in that case as to the equality of the wife's interests, it is not to be overlooked that the court expressly recognized the husband's "dominion and control over the community property during the continuance of the marriage relation," and said nothing to indicate that the husband's authority was inconsistent with the wife's rights.

Appellants next claim that the lease in question is a "conveyance" and that the husband is expressly forbidden to execute it alone by the terms of chapter 84, Laws 1915, supra. Cases from several jurisdictions are cited, holding a lease to be a conveyance. Appellees likewise cite others holding contra. In the view we take of

the matter, it is not necessary to enter into a discussion of these authorities nor to attempt to reconcile them. Our statute says that husband and wife "must join in all deeds and mortgages affecting real estate." In the two provisos following, we find the terms "convey or mortgage" and "transfer or conveyance" used. If it be said that "transfer" and "convey" have broader meaning than the terms "deed" and " mortgage" under some circumstances, yet, in the connection in which we find them in the statute, we think the rule of "ejusdem generis" applies and restricts the meaning as referring to deeds and mortgages only. Grafe v. Delgado, etc., 30 N. M. 150, 228 P. 601. We therefore conclude that the lease in question was not invalid under the statute.

Appellants cite Terry v. Humphreys, 27 N. M. 564, 203 P. 539, 542, and say that we there held that a lease was not valid without the wife's signature. But that was an oil lease for five years "and as long thereafter as oil and gas or either of them is produced from said land." We held that such an instrument was in fact a conveyance for an indefinite, indeterminable term, and "is therefore more than a mere lease for years." The fact that a part of the realty itself—the oil and gas thereon—was to be sold and extracted, would, of itself, seem to differentiate that case from the one at bar, wherein the lease is merely for the use of the real estate for a definite. term of years. It is true that in the Terry Case we said of chapter 84, supra, that it did away with the control and right of disposition, by the husband alone, of the real property of the community. We think the statement was broader than was necessary to the decision of that case, while not questioning the soundness of the decision on the point upon which the case turned.

It follows that the judgment of the trial court, holding the lease here in question valid, was correct and should be affirmed, and that the cause should be remanded, and it is so ordered.

BICKLEY, C. J., and WATSON, PARKER, and CATRON, JJ., concur.