380 P.2d 179

**Joseph A. TORRIS, Plaintiff-Appellant,**

**v.**

**Stella DYSART, Defendant-Appellee.**

No. 7162.

Supreme Court of New Mexico.

March 29, 1963.

Dale B. Dilts, Albuquerque, for appellant.

Gilbert, White & Gilbert, Sumner S. Koch, Santa Fe, for appellee.

CARMODY, Justice.

This is an action to rescind a release agreement, for an accounting, and for a declaratory judgment to determine an interest in real property.

Torris (plaintiff below) seeks reversal solely on the basis that he claims to have obtained a community-property interest by reason of his work under a contract of employment with Mrs. Dysart, and that therefore his subsequent release of all interest in mining claims is void because it lacked his wife's signature.

The facts as found by the trial court are in no sense attacked, nor is there even an attempt to do so, and they will be considered as the facts before us (§ 21–2–1 (15) (6), N.M.S.A.1953, and cases there annotated).

From these facts, it appears that under the employment agreement, Torris was to be paid $25.00 per day for prospecting, and to receive a royalty interest upon discoveries made on the fee land and an undivided interest upon discoveries made upon either government or state land; that during the period the agreement was in force, Torris did not locate or discover any ore in commercial quantities, nor

did he sink any discovery shaft, exposing mineral in place; that the parties intended that Torris was only to participate in commercially-valuable ore bodies which were discovered by him while working under the contract; that the employment agreement was mutually terminated and cancelled before any commercial body of uranium ore was discovered; and that the formal release here attacked was executed following the termination of the contract and after a discovery had been made by another party, but that the release was for a valuable consideration without fraud or concealment.

The court concluded that Torris had no interest in the properties, that the release was valid, .and that he was estopped and barred by laches from any relief. There is, however, no question raised in this appeal as to estoppel or laches.

■ The employment contract itself gave Torris no interest in real estate, and this was found as a fact by the trial court. At the most, the only interest that the contract gave to Torris was what might be acquired upon the occurring of a future contingency, i. e., the discovery of commercially valuable minerals. The trial court having found that this future contingency had not occurred at the time the contract was terminated, it follows that the plaintiff acquired no interest in any real ;

estate which would require his wife's signature. 1 Tiffany, Real Property (3rd ed. 1939) 299, § 186; Federal Trust Co. v. Walsh, 1952, 20 N.J.Super. 542, 90 A.2d 119; and Dickey v. Citizens' State Bank of Fairmount, 1932, 98 Ind.App. 58, 180 N.E. 36, 39. Appellant had merely an executory interest, and failure of the condition precedent prevented an estate from vesting in him. At the very most, appellant's interest was that of a "chose in action," which was under his control as husband, the manager of the community (Atwood v. McGrath, 1926, 137 Wash. 400, 242 P. 648), and the employment contract, under which the "chose in action" had its vitality, having terminated, appellant really had nothing to release.

■ It is obvious from the findings of the trial court that Torris failed to sustain the burden of proof as to ownership of any interest in real property. Therefore, the release, although some of its language might appear otherwise, was not a deed or , mortgage and the signature of the wife was not required. See, Fidel v. Venner, 1930, . 35 N.M. 45, 289 P. 803; Levy v. Kalabich, 1930, 35 N.M. 282, 295 P. 296; and Treadwell v. Henderson, 1954, 58 N.M. 230, 269 P.2d 1108. Although appellant strongly relies on certain language in Terry v. Humphreys, 1922, 27 N.M. 564, 203 P. 539, the case is clearly distinguishable on the facts.

Torris also asserts that Mrs. Dysart is in some manner estopped to deny that "discovery" was made during the period of the contract. This is because the notices of claim location signed by Mrs. Dysart certified that there had been a discovery of mineral in place. These notices were prepared by Torris, so we cannot comprehend how he can rely on the doctrine of estoppel. He is not in the position of an innocent purchaser, as in Allen v. Laudahn, 1938, 59 Idaho 207, 81 P.2d 734. In the instant case, appellant knew the true facts, and there is no showing of any reliance on representations by the appellee. Practically all of the basic elements of estoppel are lacking. Chambers v. Bessent, 1913, 17 N.M. 487, 134 P. 237; Addison v. Tessier, 1957, 62 N.M. 120, 305 P.2d 1067; and Porter v. Butte Farmers Mutual Insurance Company, 1961, 68 N.M. 175, 360 P.2d 372. In addition, the court's findings that there were no commercially-valuable discoveries negative Torris' claim in this regard, and it does not appear that he requested the trial court to make a finding in accordance with his theory of estoppel.

The claims of error are without merit, and the cause will be affirmed. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.