412 P.2d 253

Roberto I. HERRERA, Plaintiff-Appellee,

v.

TOWN OF ATRISCO, a Corporation, Defendant-Appellant.

No. 7647.

Supreme Court of New Mexico.

March 14, 1966.

Joe L. Martinez, C. LeRoy Hansen, Pete V. Domenici, Albuquerque, for appellant.

Arturo G. Ortega, Ben F. Roybal, Albuquerque, for appellee.

MOISE, Justice.

This is a declaratory judgment proceeding in which the plaintiff seeks to have his rights under a "Mining Lease" determined.

On September 9, 1957, the Board of Trustees of defendant entered into a "Mining Lease" with plaintiff by the terms of which plaintiff was granted a lease of the "mineral rights of any and every nature whatsoever" on the Town of Atrisco Grant containing 50,000 acres, more or less, excepting the lands theretofore deeded by the corporation.

The lease term was 5 years from July 6, 1957, with an option in plaintiff to continue the lease for a second term of 5 years "and for so long thereafter as minerals or mineral ores are mined and sold from the property * * *." A yearly rental of $1,000.00, plus one-eighth of the " 'gross proceeds' received by Lessee from the sale of all ores and minerals mined and sold" from the property over and above the $1,000.00 annually, was provided for. The option to renew the lease for the second term has been exercised.

The plaintiff asked the court to declare that he has the sole and exclusive right to all sand and gravel within the territorial limits of the Grant as described in his lease. It is his position that sand and gravel are included within the term "minerals of any nature whatsoever" and he asks that defendant be required to account for all amounts received by it for sand and gravel removed from the property by others.

In its answer to plaintiff's complaint, defendant raised the issue of the absence of indispensable parties. No ruling was invoked on this defense prior to trial. The trial proceeded on the issues as made by the pleadings. After the trial, plaintiff asserted a community interest in the lease to be vested in his wife, and a one-third undivided interest to be vested in A. A. Michael and Pauline Michael, his wife, and moved that they be added as parties-plain-

tiff. Defendant objected to the addition of these parties at that time while continuing to assert that they were indispensable. The court refused to add them, and proceeded to decide the issues in favor of plaintiff, holding that sand and gravel being "minerals," the lease covered the same and plaintiff was entitled to a judgment declaring his exclusive rights therein, subject to defendant's right to a royalty as provided in the lease. From the judgment to this effect defendant appeals

In its appeal, defendant still asserts that the cause should have been dismissed because the parties sought to be joined were indispensable. We must agree with plaintiff insofar as Aurelia G. Herrera, wife of plaintiff, is concerned. We had thought that this question had long since been settled by what was said in Levy v. Kalabich, 35 N.M. 282, 284, 295 P. 296, 297, from which we quote:

"The jurisprudence which Kearney found in New Mexico did not, so far as we are aware, contemplate the wife as a necessary or proper party to litigation involving the community property. The adoption of the common law in 1876 did not abolish the community system. When, in 1907 (chapter 37, § 16), we reduced the matter to Code, and prescribed 'the husband has the management and control of the community property, with the like absolute power

of disposition, other than testamentary, as he has of his separate estate, * * *' we did not initiate that 'management and control.' We declared an historic condition. When we changed it in 1915, we disturbed it only with respect to the execution of deeds and mortgages. Fidel v. Venner, [35 N.M. 45, 289 P. 803] supra. The point here made is that, as the wife was not originally a necessary party, and as legislation has not made her such, she is not now a necessary party.

"The legal fact is that this 'management and control' of the husband has embraced the right and duty to represent the community in its litigation. * * *"

█ That case involved an action by the wife to enjoin sale of community real estate under a judgment to foreclose a mechanic's lien obtained in an action where the husband was named as a defendant and the wife was not. However, the language above clearly embraces a situation such as is here present. Additionally, we perceive of no considerations which might indicate a different result where suit is brought by the husband with reference to a community claim and the wife is not joined. Hugh K. Gale, Post No. 2182 V. of F. W. v. Norris, 53 N.M. 58, 201 P.2d 777, involved property held as joint tenants, and Brown v. Gur-

ley, 58 N.M. 153, 267 P.2d 134, involved property in which the wife held a one-half interest as a tenant in common. Neither of these cases supports defendant's position.

Defendant's point which asserts that A. A. Michael is an indispensable party presents a more difficult problem. In Sellman v. Haddock, 62 N.M. 391, 310 P.2d 1045, this court discussed at length when parties are necessary or indispensable. Although plaintiff argues that the Michaels did not have an interest in the lease, but only a contract for an interest, plaintiff testified that he had conveyed a one-third interest in the lease to A. A. Michael, and by the belated motion to add A. A. Michael and wife as parties, plaintiff states that the Michaels had acquired a one-third interest in the lease. Under the circumstances, how can it be asserted that the controversy could be resolved without their presence in court? Plaintiff is the owner of only two-thirds of any rights under the lease which he here seeks to have interpreted. Any determination made by the court would leave unsettled the rights of the Michaels upon assertion of a similar claim. In accord with the rules as announced in Sellman v. Haddock, supra, there can be no question that A. A. Michael was an indispensable party and that the action should not have proceeded in his absence. We quote the following from Miller v. Klasner, 19 N.M. 21, 25, 140 P. 1107, 1108:

"* * * It is a familiar and fundamental rule that a court can make no decree affecting the rights of a person over whom it has not obtained jurisdiction, or between the parties before it, which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights. Shields et al. v. Barrow, 17 How. 130, 15 L.Ed. 158. * * * The interest of Ellen Casey was necessarily so interwoven with the interests of the parties to this suit that no decree could possibly be made, affecting the rights of those before the court, without operating upon her interest. Such being the case, she was an indispensable party, without whom the court could not lawfully proceed. C. S. M. Co. v. V. & G. H. W. Co., 1 Sawyer, 685 [6], Fed.Cas.No. 2,-990 [p. 73]. * * *"

C. de Baca v. Baca, 73 N.M. 387, 388 P.2d 392, is our last pronouncement on this question. In that case all our earlier decisions on the subject are marshalled.

We see no escape from the conclusion that A. A. Michael is an indispensable party and that the cause must be reversed and remanded because of his absence. It is apparent that there can be no determination of the issue of whether sand and gravel

was intended to be included within the terms of the mining lease until Michael is present before the court. If his joinder had been allowed when sought by the defendant, or later when attempted by plaintiff and resisted by defendant, the true issue in the case could have been reached. However, in his absence, this cannot be.

Another point raised by defendant on this appeal has to do with the validity of the lease, it being claimed that it was executed in violation of § 8–2–2, N.M.S.A.1953. This issue likewise must await the presence of indispensable parties. It should require no elaborate discussion to demonstrate the impossibility or impropriety of determining a question of the validity of a lease in which a party or parties not in court have an interest. Am. Trust & Sav. Bank of Albuquerque v. Scobee, et al., 29 N.M. 436, 224 P. 788.

The cause is reversed and remanded to the district court with instructions to permit the joinder of A. A. Michael as a party if plaintiff is so advised, and if he can be gotten before the court or seeks to become a party in the action. Otherwise, the cause must be dismissed.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.