(No. 5077. November 3, 1928.)

JAMES HEWETT and NELLIE HEWETT, Respondents, v. MRS. H. F. SAMUELS, Appellant.

[272 Pac. 703.]

E. W. Wheelan, for Appellant.

Myrvin Davis, for Respondents.

GIVENS, J.—Respondent recovered a judgment against appellant, a resident in the school district in which respondent was teaching, for undifferentiated actual and exemplary damages for slander. Several slanderous statements were alleged, but the only one concerning which evidence was offered involved immoral acts with men.

The complaint not stating the persons to whom or the times when the alleged slanderous statements were made, upon request, a bill of particulars was ordered. The first bill contained the name of one C. B. Brown. The appellant contending that the bill was insufficient, a second was filed from which the name of Brown was omitted, inadvertently according to respondent. On December 20, 1926, an additional bill containing the name of Brown was filed. The trial was had beginning January 6, 1927. No prejudice was shown to have arisen because the name of Brown was omitted from the second bill of particulars and the trial

court did not err in admitting, over the objection of appellant, the testimony of Brown. (*Miller v. Village of Mullan,* 17 Ida. 28, 19 Ann. Cas. 1107, 104 Pac. 660.)

Appellant urges that the instruction on exemplary damages was incorrect for three reasons:

First, it allowed the jury to find exemplary damages without having first determined that respondent was entitled to actual damages.

Second, it told the jury that respondent was entitled to exemplary damages as a matter of right.

Third, there was no evidence justifying an instruction on exemplary damages and the instruction did not sufficiently require a finding of malice.

█ The instruction told the jury that "where one is guilty of making or circulating, by word of mouth, false and slanderous statements of another, if such statements were made maliciously or wantonly, *in addition* to the real or compensatory damages suffered on account thereof, the jury is *at liberty* to assess *also* exemplary damages." (Italics ours.) By the use of the words "in addition" and "also," it is clear that the jury were instructed that exemplary damages could be found only if actual damages were first found.

Appellant cites *Davis v. Hearst,* 160 Cal. 143, 116 Pac. 530, where use of the word "entitled" with respect to exemplary damages is condemned. Clearly there is a difference between telling the jury that appellant was "entitled" to exemplary damages, and telling them they were "at liberty" to assess exemplary damages under certain circumstances. The California case indicated that it was a matter for the jury to determine. We believe that the instruction in the case at bar sufficiently so states.

█ The instruction used the words "maliciously" and "wantonly." *Unfried v. Libert,* 20 Ida. 708, 729, 119 Pac. 885, 891, quoting with approval from 13 Cyc. 111, required "wilful fraud, malice or gross negligence." (See, also, 17 C. J. 983.) The words "maliciously" and "wantonly"

in the instructions are sufficiently synonymous with those in *Unfried v. Libert, supra,* to remove the instructions from the field of error.

The evidence is conflicting as to the statements made by appellant, but we cannot say that the evidence is not sufficient to justify the verdict.

The jury returned a verdict for $4,750. Respondent testified that she did not again apply for the school where she had been teaching because she thought that the directors would not wish to re-employ her, and furthermore she had to be in Lewiston to take a teachers' examination. The immoral acts charged, if true, constituted a crime. We do not feel that the evidence showed sufficient actual damages or that the jury should have assessed such punitive damages in addition thereto as to warrant a verdict in the amount found. The judgment is reduced to $2,000 and if respondent files with this court within thirty days her written consent to such reduction, judgment in that amount will be affirmed. Otherwise a new trial will be ordered.

No costs awarded.

Wm. E. Lee, C. J., and Hartson, D. J., concur.

BUDGE and TAYLOR, JJ., Dissenting.—We cannot concur in the affirmance by reduction of a verdict concededly by over fifty per cent, the result of passion and prejudice.

Petition for rehearing denied.