(April 3, 1924.)

HARRY ABERNATHY, Respondent, v. A. J. PETERSON and GUS ELMQUIST, Copartners Doing Business Under the Firm Name and Style of PETERSON & ELMQUIST, Defendants; C. R. SHAW WHOLESALE COMPANY, a Corporation, Respondent.

[225 Pac. 132.]

LABORER'S LIEN—LABOR UPON LOGS, LUMBER AND RAILROAD TIES— TIES INCLUDED IN LUMBER—"AT THE MILL"—APPEAL AND ERROR —ASSIGNMENTS OF ERROR—CONCLUSIONS OF LAW.

1. The words "at the mill" as used in C. S., sec. 7357, granting a laborer's lien on sawlogs manufactured into lumber, do not mean exclusively "contiguous to" or "attached to," but may mean "near," "in the vicinity of" or "connected with" the mill.

2. Where lumber and railroad ties are sawed at a sawmill and the same are taken directly from the saw and hauled to a lumber-yard six miles away, such lumber-yard being the only one belonging to and used in connection with the mill and the only yard controlled or operated by the manufacturers of the lumber, the same remained "at the mill where manufactured" within the meaning of C. S., sec. 7357, so as to entitle persons performing labor on the manufacture of the lumber and ties to a lien thereon.

3. Railroad ties sawed at a sawmill in the same manner as other lumber are "lumber" within the meaning of C. S., sec. 7357, and not "other timber" within the meaning of C. S., sec. 7356.

4. Under C. S., sec. 7356, a logger has a lien, not only upon the logs cut, but upon the lumber manufactured therefrom, so long as it can be followed and identified.

5. An assignment of error complaining of the conclusions of law as a whole, without specifying in what particulars they are erroneous, is too general to be considered.

6. The provisions of our lien laws must be liberally construed with a view to carrying out their objects and to promote justice.

APPEAL from the District Court of the Seventh Judicial District, for Adams County. Hon. B. S. Varian, Judge.

Publisher's Note.

Who is laborer within statute giving lien, see note in Ann. Cas. 1913B, 138.

Action to foreclose laborers' liens. Judgment for respondent. *Affirmed.*

Stinson, Harris & McClure, L. L. Burtenshaw and Oppenheim & Lampert, for Appellant.

One who performs labor upon or who assists in manufacturing sawlogs into lumber has lien upon such lumber only while the same remains at the mill where manufactured. (C. S., sec. 7357; *Swartwood v. Red Star Shingle Co.,* 13 Wash. 349, 43 Pac. 21; *Judge v. Bay Mill Co.,* 18 Wash. 269, 51 Pac. 378; *Robins v. Paulson,* 30 Wash. 459, 70 Pac. 1113; *Akers v. Lord,* 67 Wash. 179, 121 Pac. 51; *Douglas v. F. R. Woodbury Lbr. Co.,* 101 Wash. 668, 172 Pac. 906; *Anderson v. Lee,* 52 Or. 92, 96 Pac. 234; *First Nat. Bank v. Wegener,* 94 Or. 318, 181 Pac. 990, 186 Pac. 41.)

The words "at the mill" mean "near the mill." (*Vaughan v. Fifer,* 91 Wash. 553, 158 Pac. 93; *Lovin v. Hicks,* 116 Minn. 179, 133 N. W. 575; *St. Louis S. W. Ry. Co. v. Stringer,* 74 Ark. 425, 86 S. W. 280; New Standard Dictionary; Webster's New International Dictionary.)

One who renders assistance in procuring sawlogs has no lien upon the lumber manufactured therefrom for the work or labor done. (C. S., sec. 7356; *Winsor v. Johnson,* 5 Wash. 429, 32 Pac. 215; *Dexter-Horton & Co. v. Sparkman,* 2 Wash. 165, 25 Pac. 1070.)

Railroad ties are not lumber. (*Anderson v. Great N. Ry. Co.,* 25 Ida. 433, Ann. Cas. 1916C, 191, 138 Pac. 127.)

Where liens are claimed under two sections of the statute, the amount claimed under each section must be separately stated. (*Dexter-Horton & Co. v. Sparkman, supra; Robins v. Paulson, supra.*)

George Donart and A. C. Cherry, for Respondent.

The lumber sawed at the sawmill and taken from the green chain directly to the yard six miles distant, where it was sorted, piled and dried, was "at the mill" and subject to a lien of the laborers who assisted in manu-

facturing the same.   (C. S., secs. 7357, 9444; *Vaughan v. Fifer*, 91 Wash. 533, 158 Pac. 93; 5 C. J. 1627; *McGeorge v. Stanton-DeLong Lumber Co.*, 131 Wis. 7, 110 N. W. 788; *Armitage v. Bernheim*, 32 Ida. 600, 187 Pac. 938; *Hogsed v. Gloucester Lumber Co.*, 170 N. C. 529, 87 S. E. 337.)

One who performs labor upon or who renders assistance in procuring sawlogs has a lien both upon the logs and upon the lumber manufactured therefrom for such work and labor so performed, and such lien is not dependent upon the lumber remaining at the mill where manufactured. (C. S., sec. 7356; *Shultz v. Shively*, 72 Or. 450, 143 Pac. 1115; *Day v. Green*, 63 Or. 293, 127 Pac. 357; *Fischer v. Cone Lumber Co.*, 49 Or. 277, 89 Pac. 737; *Forsberg v. Lungreen*, 64 Wash. 427, 117 Pac. 244; *Robins v. Paulson*, 30 Wash. 459, 70 Pac. 1113; *O'Brien v. Perfection Pile etc. Co.*, 49 Wash. 395, 95 Pac. 489; *O'Connor v. Burnham*, 49 Wash. 443, 95 Pac. 489; *Anderson v. Great N. Ry. Co.*, 25 Ida. 433, Ann. Cas. 1916C, 191, and note thereto, 138 Pac. 127.)

BUDGE, J.—This action was brought by respondent to foreclose thirty-two liens. The complaint contains thirty-two causes of action, the first being based upon the individual lien of respondent and the remaining thirty-one upon claims of lien assigned to respondent. The defendants Peterson and Elmquist appeared and filed general and special demurrers to the complaint, which were overruled. Upon their failure to answer within the time allowed by the court their default was entered. Appellant also filed general and special demurrers. The general demurrer was overruled. The special demurrer was sustained as to causes of action Nos. 21 and 32, but inasmuch as no amendments were offered or filed and no judgment rendered on these causes of action they will be given no further consideration. All other special demurrers were overruled. Appellant thereupon filed its answer, which in effect constitutes a general denial. Upon the issues thus framed the cause was tried to the court sitting without a jury and judgment was rendered

in favor of respondents, from which judgment this appeal is taken.

Three assignments of error are specified and relied upon by appellant. The first attacks the action of the court in overruling appellant's demurrer to the complaint and to each and every cause of action therein set forth. From the complaint it appears that causes of action Nos. 1 to 20, inclusive, are for the foreclosure of liens for labor performed and assistance rendered in the manufacture of lumber and railroad ties. Each cause of action contains, among others, the following allegation:

"The said lumber and railroad ties were sawed and manufactured at the saw mill aforesaid and were forthwith taken and transported by the said A. J. Peterson and Gus Elmquist, their agents and employees to a certain lumber yard situate at Council, Idaho, in said Adams County, near and adjacent to the Pacific and Idaho Northern Railroad wye, at said place, and were there piled, sorted, seasoned and dried preparatory to being loaded on the cars for shipment; That during all of said times the said lumber yard was operated by the said A. J. Peterson and Gus Elmquist in conjunction with said saw mill and as a part of said saw mill premises and was and is the only lumber yard by them operated; that the said yard is the first and only place at which the said lumber and ties, or any part thereof, were ever piled, stored or kept after the same were taken from the saw which sawed the same."

Appellant contends that since the complaint alleged that the lumber and railroad ties were removed from the mill where they were manufactured and were stacked in a lumber-yard at some distance, such lumber and railroad ties were not lienable within the provisions of C. S., sec. 7357, which provides as follows:

"Every person performing labor upon, or who shall assist in manufacturing, saw logs into lumber, has a lien upon such lumber while the same remains at the mill where manufactured, whether such work or labor was done at the instance of the owner of such logs or of his agents."

We are therefore called upon to determine whether, under the allegations of the complaint above set out, the lumber and railroad ties remained *"at the mill where manufactured"* within the meaning of C. S., sec. 7357, *supra,* so as to entitle respondent to a lien thereon. In approaching this question it will be well to keep in mind the rule that lien statutes are remedial in character and should be liberally construed in the interest of the laborer, and in this connection it may be advisable to call attention to C. S., sec. 9444, which reads as follows:

"The rule of the common law that statutes in derogation thereof are to be strictly construed, has no application to these compiled laws. The compiled laws establish the law of this state respecting the subjects to which they relate, and their provisions and all proceedings under them are to be liberally construed with a view to effect their objects and to promote justice."

The trial court, in effect, held that the words "at the mill where manufactured" within the meaning of C. S., sec. 7357, included the lumber-yard at Council, to which place the lumber and railroad ties were directly conveyed from the saw to be sorted, stacked and dried. The phrase "at the mill" is a relative term and can hardly be said to mean exclusively "contiguous to" or "attached to" the mill, but may mean "near," "in the vicinity of" or "connected with" the mill. The yard to which the lumber was conveyed was the only mill-yard belonging to and used in connection with the mill and the only yard controlled or operated by the manufacturers of the lumber. The term "mill" in its legal analysis means not merely the mill building but includes the mill-yard and everything necessary to its benefit. Should we be limited to a technical construction of the words "at the mill" a removal of the lumber from the mill any distance, no matter how short, would destroy the right to a lien and the laborer would be required to file his lien as fast as the lumber came from the saw and before it was removed. Had the lumber been sorted, stacked and dried at the mill, or at any intermediate

place and afterwards hauled to the yard at Council, a different question would be presented. A proper interpretation of the words "at the mill" depends upon the facts of each individual case. We think, however, in the instant case that the term "at the mill" would include the lumberyard at Council.

It is next insisted by appellant that railroad ties manufactured at a sawmill are not lumber within the meaning of C. S., sec. 7357, but "other timber" within the meaning of C. S., sec. 7356, the latter section being as follows:

"Every person performing labor upon, or who shall assist in obtaining or securing, saw logs, spars, piles, cord wood, or other timber, has a lien upon the same for the work or labor done upon, or in obtaining or securing the same, whether such work or labor was done at the instance of the owner of the same or his agent. The cook shall be regarded as a person who assists in obtaining or securing the timber herein mentioned."

Appellant contends that since the liens sought to be foreclosed in causes of action Nos. 1 to 20, inclusive, are for work and labor performed and assistance rendered in the manufacture of lumber and railroad ties that respondent seeks to join claims of lien under two separate sections of the statute and to foreclose them in one action. Our attention is called to the case of *Anderson v. Great Northern Ry. Co.*, 25 Ida. 433, 441, Ann. Cas. 1916C, 191, 138 Pac. 127, where this court said:

"There is little room for doubt but that railroad ties are timber and fall within the enumeration of 'other timber' as used in sec. 5125, *supra* (*now C. S., sec. 7356*). As authority in point and supporting this view, see *Forsberg v. Lundgren*, 64 Wash. 427, 117 Pac. 244."

It will be noted that *Forsberg v. Lundgren* is cited as authority for the rule laid down by this court in the Anderson case. It is said in the Forsberg case:

"The court found that the ties were cut and manufactured in the woods, which precludes any inference that they were manufactured at a mill."

In that case they may have been sawed by a portable saw, split with a maul and wedge or hewn with an ax. In the instant case it is alleged in the complaint "that all of said railroad ties are 'sawed ties' and were manufactured in the course of the manufacture of said lumber" and that they "were sawed and manufactured at the sawmill." It therefore follows that the Anderson case is not in point and that the railroad ties in the instant case were lumber within the meaning of C. S., sec. 7357. Railroad ties may be "other timber" within the meaning of C. S., sec. 7356, or "lumber" within the meaning of C. S., sec. 7357, depending upon the manner of their manufacture. If sawed at a sawmill and as a part of the output of the mill, it would be unreasonable to hold that such railroad ties were "other timber" within the meaning of C. S., sec. 7356, and not lumber. Laborers would be required, under such circumstances, if such a rule of construction be adopted, to segregate the time spent in sawing railroad ties from the time spent in sawing lumber, otherwise their claim of lien would be defeated. To adopt the rule contended for by appellant would defeat the principle of law announced in the case of *Phillips v. Salmon River Min. etc. Co.*, 9 Ida. 149, 72 Pac. 886, where this court held, in construing a laborer's lien that:

"The provisions of our lien laws must be liberally construed with a view to effect their objects and promote justice."

The next question urged is as to whether a laborer who assists in procuring sawlogs has a lien upon the lumber manufactured therefrom. This involves causes of action Nos. 22 to 31, inclusive, in which it is sought to foreclose claims of lien filed upon sawlogs in the woods, lumber near the mill and lumber and railroad ties in the yard at Council. It is insisted by appellant that a laborer performing labor or assisting in obtaining or procuring sawlogs is only entitled to a lien on such sawlogs, and the right to such lien is lost upon such sawlogs being manufactured into lumber. With this contention we are not in accord, although there are some authorities that seem to sustain it. The fact

that the logs are manufactured into lumber should not defeat the lien for labor performed or assistance rendered in procuring them. The logs were not destroyed, their form only being changed and the lien continued as long as they could be followed and their identity could be established. Counsel urges that the lien cannot be enforced against the lumber made from the logs for another reason, namely, that the amount of the lien against the lumber was not segregated from the amount of the lien claimed against the sawlogs and that respondent is seeking a lien under C. S., sec. 7356, for labor performed and assistance rendered in procuring sawlogs, and under C. S., sec. 7357, for labor performed upon or assistance rendered in manufacturing sawlogs into lumber and in order to secure a lien on the logs and lumber the amounts should be segregated and two liens filed. As a matter of fact respondent seeks to enforce his lien for labor performed in procuring sawlogs by filing the lien upon such as remained in that state (as sawlogs) and upon the lumber cut from the remainder. We think the rule to be well established that a laborer performing work in securing logs to be manufactured into lumber is entitled to a lien therefor on the lumber manufactured from the logs. (*Fischer v. G. W. Cone Lumber Co.,* 49 Or. 277, 89 Pac. 737; *First Nat. Bank v. Wegener,* 94 Or. 318, 181 Pac. 990, 186 Pac. 41; *Day v. Green,* 63 Or. 293, 127 Pac. 772.) Appellant concedes that respondent is entitled to a lien upon the logs not manufactured into lumber. Therefore, if our position is correct, no segregation is necessary, nor would it be necessary to file two liens. To further support our position in the latter respect, a careful reading of C. S., secs. 7356–7371, discloses no such requirement, but quite to the contrary, as will be seen by C. S., sec. 7362, which provides for but one notice of lien on liens claimed under both C. S., secs. 7356 and 7357.

We now come to the second assignment of error, which is as follows: "The Court erred in the Conclusions of Law." This is not a proper assignment of error. Assignments of error complaining of the entire conclusions of law as a whole, without specifying in what particulars they are erro-

neous, are too general to be considered. (*Houston E. & W. T. Ry. Co. v. Hamlin Lumber Co.* (Tex. Civ.), 135 S. W. 605; *Condron v. Pennsylvania R. Co.*, 233 Pa. 197, 82 Atl. 64; *Elmendorf v. City of San Antonio* (Tex. Civ.), 223 S. W. 631.) There is still a further reason why this assignment of error should not be considered. It is conceded in appellant's brief as to causes of action Nos. 22 to 31, inclusive, that respondent is entitled to a lien on the logs, therefore the entire conclusions of the court were not erroneous, and since there are numerous conclusions of law, we are not advised which particular conclusion is complained of. As was said in the case of *Wolverton v. Wolverton*, 163 Ind. 26, 71 N. E. 123:

"An assignment that the court erred in its conclusions of law is joint, and cannot be sustained where it is not contended that all the conclusions of law on the facts found are erroneous."

To the same effect, see *Miller v. Armstrong-Landon Co.*, 53 Ind. 501, 102 N. E. 47.

There is no merit in the third assignment of error.

The judgment should be affirmed, and it is so ordered. Costs are awarded to respondent.

McCarthy, C. J., and William A. Lee, J., concur.

WM. E. LEE, J., Dissenting.—I dissent from that part of the opinion which holds that one who performs labor upon or assists in securing sawlogs has a lien not only on the sawlogs but also upon the lumber into which such logs are sawed. In my opinion, the lien accorded by C. S., sec. 7356, is confined to sawlogs. I also dissent from that portion of the opinion which holds that one who assists in manufacturing sawlogs into lumber has a lien upon such lumber after it has been removed to a lumber-yard six miles distant from the mill where manufactured. C. S., sec. 7357, affords a lien to such a person "upon such lumber while the same remains at the mill where manufactured." "At the mill where manufactured" does not mean at a lumber-yard six miles away.