(No. 5043. June 6, 1929.)

GEM STATE LUMBER COMPANY, a Corporation, Respondent, v. UNION GRAIN AND ELEVATOR COMPANY, a Corporation, Appellant.

[278 Pac. 775.]

Holden & Coffin, for Appellant.

Merrill & Merrill, for Respondent.

T. BAILEY LEE, J.—Suit to foreclose materialman's lien. From a judgment in favor of respondent, Gem State Lumber Company, defendant Union Grain & Elevator Company appeals. The facts are these: Appellant corporation owned a plot of ground adjoining the O. S. L. railroad tracks in McCammon, Idaho, upon which it had a mill and elevator. In March, 1924, it leased the premises to Geo. W. Moench and L. F. Moench, who later, with appellant's consent, assigned the lease to the Peerless Grain Company, a domestic corporation, with its principal place of business at McCammon aforesaid.

The lease required that the lessee should effect certain alterations and make repairs, that the cost of such improvements should be borne by the lessee, the appellant to be in nowise responsible; that the lessee should post notices on the premises disclaiming all liability on the part of appellant for materials which might be furnished the lessee, and

that appellant should have a lien on all improvements for possible damages consequent upon breach of condition.

This lease was never recorded and respondent had no notice of its terms until after it had furnished lessee the materials constituting the basis of this action. The lessee proceeded to make the required alterations and repairs, bought materials of respondent, promised to pay for them, actually used them in the projected construction, but wholly failed to post the notices required, and defaulted in payment. In the meantime, respondent having diligently made inquiry in and around the village of McCammon as to the ownership of the premises and having been advised that the Jesse Knight Estate was the true owner, duly filed its claim of lien, denominating the Peerless Grain Company and Jesse Knight Estate as the reputed owners. Later it developed that, while said estate did in fact own the controlling capital stock of appellant corporation, the record title to the premises stood in the name of the latter. From the evidence introduced it appears that appellant was in no manner misled by the mistake, but had been apprised of the lien claim and knew all about it long prior to the institution of the suit.

Appellant raises two questions only: Was not the failure to state the name of the record owner in the claim fatal? And: Can the mere relation of lessor and lessee, under our statute, constitute the lessee the lessor's agent, so as to subject the principal's property to a materialman's lien? This court has repeatedly held that these particular lien statutes are to be liberally construed. (*Phillips v. Salmon River M. & D. Co.*, 9 Ida. 149, 72 Pac. 886; *Armitage v. Bernheim*, 32 Ida. 594, 600, 187 Pac. 938; *Abernathy v. Peterson*, 38 Ida. 727, 225 Pac. 132.)

Under the facts heretofore recited, we unhesitatingly answer the first question in the negative. As to the second question, the court has declared itself more than once. In *Boise-Payette Lbr. Co. v. McCornick*, 36 Ida. 788, 213 Pac. 1119, it was held that the agency of a lessee must be established by evidence. "The improvement must have been

'requested' by the owner of the land." (*Parker v. Northwestern Investment Co.*, 44 Ida. 68, 75, 255 Pac. 307, 309.) Typical of the authorities supporting this rule is *Weis & Jennett Marble Co. v. Gardiner & Rossi*, 198 Mo. App. 35, 198 S. W. 424, which says: "Where no obligation is imposed upon the lessee to make the improvements, the lessor cannot be said to have contracted for them and his estate will not be held subject to liens for the material and labor which entered into the improvements." In the instant case, the lease specifically required certain alterations and repairs. As respondent aptly says: "The lease would have been broken had repairs not been made. The lease could not have been fully and completely performed without the lessee doing the very thing which was done here." Appellant is enjoying these very improvements now, and in all conscience should pay for them.

Judgment affirmed; costs to respondent.

Budge, C. J., and Givens, Wm. E. Lee and Varian, JJ., concur.

Petition for rehearing denied.