(No. 5942. December 12, 1933.)

THE FIRST NATIONAL BANK OF SANDPOINT, a Corporation, and BONNER COUNTY NATIONAL BANK OF SANDPOINT, a Corporation, Respondents, v. H. F. SAMUELS and ADA J. SAMUELS, His Wife, BROTHERHOOD BANK AND TRUST COMPANY, a Corporation, STANDARD OIL COMPANY OF CALIFORNIA, a Corporation, CENTENNIAL MILL COMPANY, a Corporation, Defendants; JAMES HEWETT and NELLIE HEWETT, His Wife, and MYRVIN DAVIS and JOSEPH J. LAVIN, Appellants.

[27 Pac. (2d) 959.]

Myrvin Davis and Joseph J. Lavin, for Appellants.

Sidney H. Smith, for Respondents.

BUDGE, C. J.—The First National Bank of Sandpoint and the Bonner County National Bank of Sandpoint instituted the present action to foreclose a real estate mortgage executed July 1, 1928, by H. F. Samuels and Ada J. Samuels, husband and wife. Cross-complainants, Hewetts, Davis and Lavin, alleged that a now final and unsatisfied judgment rendered in an action for slander of January 18, 1927, against Ada J. Samuels in favor of James Hewett and Nellie Hewett constituted a lien on the community property of H. F. Samuels and Ada J. Samuels. The action was tried to the court and findings of fact and conclusions of law were made to the effect that the land involved is community property; that Ada J. Samuels had no interest in such property "other than as a member of the community of the defendants," and that said judgment is not a valid lien on the land, and judgment was entered dismissing the cross-complaint, from which judgment cross-complainants appeal.

■■ It is contended by appellants that the undivided one-half interest of Ada J. Samuels in the property involved is subject to the lien of the judgment rendered against Mrs. Samuels, upon the theory that her interest in the community property is vested. The property herein involved was found by the court on sufficient competent evidence to be community property of Samuels and his wife. It is not questioned that H. F. Samuels was not a party to the action for slander either individually or as managing agent of the community and that the judgment was rendered solely against Mrs. Samuels in her individual capacity. (*Hewett v. Samuels,* 46 Ida. 792, 272 Pac. 703.) There is no allegation nor proof from which it could be said that Mrs. Samuels had become, in effect, the managing agent of the community. By the express provision of I. C. A., sec. 31-913, "The husband has the management and control of the community property" with no restrictions excepting those pertaining to conveyancing and incumbrancing. This provision seems to make it plain, and this court has thus held, that the community cannot be sued, nor can judgment be rendered against it without the husband being made a party to such suit. In *Briggs v. Mason,* 44 Ida. 283, 256 Pac. 368, it was held that a judgment against the wife in her sole, separate and individual capacity could not be assessed against community property, and that the husband not having been served, there could be no valid verdict or judgment against the community. Without attempting to indicate what, if any, effect a joinder of the husband would have had, we conclude that the husband not having been served and not appearing in the action, the judgment against Mrs. Samuels is not a lien against the community property.

The judgment is affirmed. Costs awarded to respondents.

Givens, Morgan, Holden and Wernette, JJ., concur.