Turner, J.
 

 Appellee made application for a rehearing on the ground that the petition was filed within the six-year limitation, although no service was had within 60 days thereafter. The rehearing is limited to this phase of the case.
 

 It is appellee’s contention that Section 11279, General Code, is “determinative of how and when a civil action is brought under the Ohio Code of Civil Procedure.” It is true that Section 11279 provides
 
 how
 
 a civil action is commenced, but it does not prescribe the
 
 time
 
 of commencing a civil action.
 

 This distinction will be readily apparent upon an examination of the Code of Civil Procedure of the state of Ohio as enacted March 11, 1853, effective July 1, 1853, 51 Ohio Laws, 57
 
 et seq.
 
 Title II thereof (p. 58) provided for “Time of Commencing Civil Actions,” while Title Y, Chapter I (p. 66) provided for the “Manner of Commencing Civil Actions.”
 

 Section 20, Chapter IY, entitled “General Provisions,” provided:
 

 “An action shall be deemed commenced within the meaning of this title, as to each defendant, at the date of the summons which is served on him, or on a co-defendant who is a joint contractor, or otherwise united in interest with him: where service by publication is proper, the action shall be deemed commenced at the date of the first publication, which publication must be regularly made.
 

 “An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this title, when the party faithfully, properly and diligently, endeavors to procure a service:
 
 *465
 
 but such attempt must be followed by service within sixty days.”
 

 The first paragraph of Section 20 is now Section 11230, General Code, while the second paragraph of Section 20 is now Section 11231, General Code.
 

 Title Y of the original code was devoted to “Commencement of a Civil Action. ’ ’ Chapter I was entitled, “Manner of Commencing Civil Actions.” Section 55 provided that: “A civil action must be commenced by filing in the office of the clerk of the proper court, a petition, and causing a summons to be issued thereon. ’ ’ Section 55 of the original code became Section 11279, General Code.
 

 Appellee cites
 
 Rorich
 
 v.
 
 Devon Syndicate, Ltd.,
 
 307 U. S., 299, 83 L. Ed., 1303, 59 S. Ct., 877, as upholding his contention. The Supreme Court of the United States does not interpret state laws where the state courts have passed upon the question.
 
 Certiorari
 
 was granted “because the court below had decided an important question of local law in a way probably in conflict with applicable local decisions * * The court had before it a question of whether, under the state law as interpreted by the state courts, Section 11231, General Code, applied to an attachment or garnishment proceeding. The United States Supreme Court held that “The Supreme Court Commission of Ohio in
 
 Bacher
 
 v.
 
 Shawhan,
 
 41 Ohio St., 271, so interpreted Section 4988, Rev. Stats, (now Section 11231 of the Ohio General Code)” that it did not apply.
 

 In the case of
 
 Bacher
 
 v.
 
 Shawhan, supra,
 
 the Supreme Court Commission held in respect of an
 
 attachment
 
 case: “Where service by publication was not completed until eight months after the return of the summons, it is error to dismiss the action for an alleged want of jurisdiction by reason of such delay. The Commission’s opinion was very short, being contained in a page and four lines. While the case of
 
 Collier
 
 v.
 
 Bickley,
 
 33 Ohio St., 523, was cited by counsel for
 
 *466
 
 plaintiff for the exact opposite of what it held, the Commission did not discuss that case hut simply stated that Section 4988, Revised Statutes (now Section 11231, General Code) did not apply. The Commission did, however, put reliance upon Section 5560, Revised Statutes, found in the chapter on attachments, which provided that from the time of the issuing of the order of attachment, the court shall be deemed to have acquired jurisdiction.
 

 Section 191 of the original code (51 Ohio Laws, 86; now Section 11819, General Code) has always provided that
 
 at or after
 
 the commencement thereof, the plaintiff in a civil action might have an attachment of the property of the defendant, and as provided in Section 5560, Revised Statutes, and stated by the Commission, the court shall be deemed to have
 
 acquired jurisdiction from the time of the issuing of the order of attachment.
 
 That is an entirely different situation from what we have in the instant case.
 

 In the case of
 
 Collier
 
 v.
 
 Bickley, supra,
 
 the Supreme Court Commission held as follows: “In an action for the recovery of specific personal property, where the order of delivery is issued and
 
 served with the summons,
 
 by taking and delivering the property to the plaintiff, the plaintiff’s right to proceed to final trial and judgment can not be defeated by an assignment of the property by defendant, for the benefit of his creditors, after the commencement of the action, and before the service of the order of delivery.” (Italics ours.) The specific question before the Commission was when the action was deemed to be commenced, and at page 529, Judge Scott said: “By Section 20, of the code [now Sections 11230 and 11231, General Code], actions are deemed to be commenced
 
 at the date of the smnmons served
 
 * * V’ (Italics ours.)
 

 In the case of
 
 Rorich
 
 v.
 
 Devon Syndicate, Ltd., supra,
 
 the court cited as additional support for its conclusion the case of
 
 Seibert
 
 v.
 
 Switzer,
 
 35 Ohio St., 661, on which
 
 *467
 
 the United States Circuit Court of Appeals had relied for a contrary conclusion. This was another attachment case, in which this court held:
 

 “1. An attachment, under the civil code, is an auxiliary proceeding in an action, which may be sued out by the plaintiff, at or after the commencement of such action, by filing a petition and causing a summons to issue thereon.
 

 “2. About 11 o’clock a. m., an order of attachment was issued upon the filing of an affidavit and giving bond. It was served and returned about 3 o’clock p. m., but no petition was filed until about 6 o’clock p. m., of the same day.
 
 Held,
 
 that, the attachment was issued without authority of law, and as against other attaching creditors and lienholders gave no priority. ’ ’
 

 It will thus be seen that the question in that case was the
 
 manner
 
 of commencing an action. Time was involved only to the extent of showing that the plaintiff had gotten the cart before the horse,
 
 i. e.,
 
 he had filed an auxiliary proceeding before commencing an action in the manner provided by statute. Of course, no jurisdiction could be obtained by attachment until plaintiff had followed the statute as to the manner of commencing a civil action. As stated by Judge Johnson: “By Section 196, the return day of the order of attachment, when issued
 
 at the commencement of the action,
 
 shall be the same as the
 
 summons;
 
 when issued afterward it shall be returned twenty days after it issued. * * *
 

 “No action was, in fact, commenced by the filing of a petition, until some three or four hours after the order of attachment was served and returned.”
 

 It is true that Judge Johnson also said: “An action is commenced or brought, within the meaning of Sections 192 and 193, by the filing of a petition and causing a summons to issue thereon. Code, Section 55. Until then there is no action in which an attachment can issue.” Here Judge Johnson was discussing the man
 
 *468
 
 ner of commencing an action and not any limitation of time for commencing an action.
 

 Bearing in mind that when an affidavit for attachment is filed at or after the commencement of a civil action the court acquires jurisdiction over the
 
 res,
 
 attention is called to the language of Judge Shauck in
 
 Nichols
 
 v.
 
 State,
 
 71 Ohio St., 335, 338, 73 N. E., 220:
 

 “It [a summons] is not an exercise of the jurisdiction of the court, but a notification preliminary to its exercise.”
 

 A court may not act until there has been either service or a waiver thereof. In actions
 
 in personam,
 
 unless there is a waiver there must be personal service. In actions
 
 in rem,
 
 in the absence of a waiver, there must be either personal service or service by publication before a civil action is properly brought. Where personal service is obtained, the commencement dates from the date of the summons. Where service by publication is made, the action is deemed commenced from the date of the first publication. An attempt to commence an action shall be deemed to be equivalent to its commencement when the party diligently endeavors to procure service, if such attempt be followed by service within 60 days.
 

 We thought the foregoing distinctions were so well understood in Ohio practice that we did not go into detail, but contented ourselves with saying that at the time of filing the waiver of publication and limited entry of appearance, the time had long since expired when such waiver would have availed.
 

 As was well said by the trial court in the instant ease: .
 

 “The court feels this conclusion [that Sections 11230 and 11231, G-eneral Code, apply] is not only in line with the Ohio authorities in analogous cases, but is necessarily true for practical considerations. To hold otherwise would be to hold that a suit might be filed just before the six years expired, summons issued and
 
 *469
 
 returned ‘not found,’ and the matter allowed to remain without service until the court after a period of time dismissed the action for want of service with a lien still preserved until the dismissal. The owner of a lien might preserve his lien beyond the statutory six years for a substantial period of time by delaying service. In other words, the lienholder could preserve his lien by his own delay. This does not seem consistent with good practice or sound legal principles.”
 

 The former judgment of this court as reported
 
 ante,
 
 253, is adhered to.
 

 Former judgment adhered to.
 

 Weygandt, C. J., Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.