298 P.2d 972

W. LeRoy WILLES, Plaintiff-Respondent and Cross-Appellant,

v.

Hoyt PALMER and Genevieve Palmer, husband and wife, Defendants-Appellants and Cross-Respondents.

No. 8350.

Supreme Court of Idaho.

June 21, 1956.

Caldwell & Whittier, Pocatello, for defendants.

Gee & Hargraves, Pocatello, for plaintiff.

TAYLOR, Chief Justice.

In November and December, 1953, plaintiff (respondent) furnished labor and materials in improvements made in defendants' (appellants') residence, in Buena Vista Townsite, Bannock County. The work was done pursuant to an oral agreement which was modified and additional items included as the work progressed. The defendants planned to sell the house and move to Utah. Their purpose in constructing the improvements was to make the house salable. The principal item involved was the construction of an apartment in the unfinished basement. The cost of the

improvements is the principal point of disagreement between the parties. Defendants contend plaintiff originally agreed to do the work for $1,000—later increased to $1,800, which they have paid in full. Plaintiff said the $1,000 was an estimate given by him before he had inspected the house; that the $1,800 figure was given by him as an estimate in response to the defendants' inquiry as to the cost on December 4, 1953, during the course of construction, before the job was completed, and was an estimate only of the costs incurred to that date. The evidence is conflicting as to whether there was any agreement between the parties fixing the total cost. The preponderance of the evidence supports the findings of the trial court to the effect that the agreement was to pay the reasonable value of the labor and materials furnished and used in completing the work directed to be done by the defendants, and that the balance owing thereon is $924.48. During most of the period in which the work was done the defendant Hoyt Palmer was employed in Utah and not present except on week-ends. The defendant Genevieve Palmer was present during most of the time the work was being done and directed that considerable of the additions be included.

February 23, 1954, plaintiff filed a claim of lien to secure the unpaid balance. In this claim he avers that "Hoyt Palmer is the owner or reputed owner" of the property. The defendants acquired the property by deed dated August 8, 1947, in which the grantees named were "T. H. Palmer and Genevieve Palmer, his wife".

This action to foreclose the lien was filed May 1, 1954, and Hoyt Palmer alone was named defendant. When the cause came on for trial, March 15, 1955, plaintiff was permitted to amend by adding the name of the wife, Genevieve Palmer, as a party defendant. In his motion plaintiff specifically disclaimed any right to a personal judgment against the wife. The amendment was made on that basis, over objection of the defense. A continuance was offered to permit Mrs. Palmer to appear and plead. But the defense elected to proceed and Mrs. Palmer, being personally present, joined in the answer filed by her husband, and set up a separate affirmative defense alleging that no claim of lien on her interest in the property was ever filed or any notice thereof given to her, and denying any liability for the services rendered.

Although not directly assigned, appellants urge that the claim of lien is insufficient because it does not include the name of Genevieve Palmer as one of the owners.

Two of the justices, including the author, are of the opinion that the claim of lien is sufficient, under section 45–507, I.C., applying the rule of liberal construction of the lien law. Dybvig v. Willis, 59 Idaho 160, 82 P.2d 95; §§ 73–102 and 45–516, I.C.; Gem State Lbr. Co. v. Union G. & E. Co., 47 Idaho 747, 278 P. 775. The majority of the court, however, entertain

some doubt as to the validity of the claim of lien. The question is unimportant in this case, because of the conclusion we reach as to the foreclosure. We, therefore, do not decide, but for the purpose only of reaching the main question, we assume the validity of the lien claim.

Defendants contend that since Mrs. Palmer was not made a party defendant until after the statutory duration period of the lien had expired, § 45–510, I.C., the lien lapsed as to her interest in the property, and cannot be foreclosed, by making her a party subsequent to that period.

We have held that the lien is lost as against the interest of a mortgagee not made a party to an action to foreclose the lien within the six month period. Western Loan & Building Company v. Gem State Lumber Company, 32 Idaho 497, 185 P. 554. It was held in that case, and in the cases cited therein, that the period is more than a mere statute of limitations which is waived if not pleaded; that it is a limitation, not alone upon the remedy, but upon the right or liability itself; and that the lien is lost as against the interest of any person not made a party to an action to enforce it within the six month period.

In most jurisdictions having mechanic's lien statutes fixing the time within which the lien may be enforced, the time fixed is regarded as a limitation upon the right as well as upon the remedy, and that the lien is lost if the action is not brought within the specified time. Crandall v. Irwin, 139 Ohio St. 253, 39 N.E.2d 608, 139 A.L.R. 895, Id., 139 Ohio St. 463, 40 N.E.2d 933, annotation 139 A.L.R. 903. At page 913 the annotator says:

"Where the time prescribed by the lien statute for bringing enforcement suits fixes the duration of the right, the lien becomes void for all purposes as to any person not made a party to an enforcement suit within that time."

See also Annotation 75 A.L.R. 695, at page 713.

The action not having been brought against Mrs. Palmer within the six month period, the lien as to her interest in the property was wholly lost. Her interest "is a present vested estate, equal in degree, quantity, nature and extent with that of the husband". Anderson v. Idaho Mutual Benefit Ass'n, 77 Idaho 373, 292 P. 2d 760, at page 762.

The lien and the right of foreclosure having been lost as to the wife's interest, the question arises as to whether the lien may be enforced against the husband's interest. In Smedberg v. Bevilockway, 7 Cal.App.2d 578, 46 P.2d 820 and McClain v. Tufts, 83 Cal.App.2d 140, 187 P.2d 818, it is held in effect that community property can be segregated only in the instances and in the manner provided by law. McClain v. Tufts involved an attempt to seize the wife's interest in community property to satisfy her separate liability for tort. In

First National Bank v. Samuels, 53 Idaho 780, 27 P.2d 959, this court held that the community property could not be subjected to liability for a tort of the wife without making the husband a party. In Smedberg v. Bevilockway, supra, the creditors and trustee of the bankrupt wife sought to subject the wife's interest in community property to the payment of her debts. The court in that case reasoned that since neither spouse could force a division of the community property, except as a collateral issue in a divorce proceeding, the trustee of either had no better right to do so.

No separate obligation is involved here. The debt owing to plaintiff is a community obligation incurred by the husband and wife in the improvement of community property; and the community property is subject to the judgment lien, and to levy and sale in satisfaction of the debt. The sole question involved is whether the mechanic's lien can be enforced by foreclosure against the husband's interest alone.

Expressly limiting our conclusion to the facts here presented, we hold that the half interest of the husband could not be severed from that of the wife by foreclosure and sale to satisfy the mechanic's lien, and that the lien as to the wife's interest, having lapsed by failure to make her a party within the time limited, the right to foreclose as to the husband's interest must also be denied. Cf. Grace v. Carpenter, 42 Cal. App.2d 301, 108 P.2d 701. In tort cases see Great Am. Indemnity Co. v. Garrison, D.C., 75 F.Supp. 811; McDonald v. Senn, 53 N.M. 198, 204 P.2d 990, 10 A.L.R.2d 966, Annotation 10 A.L.R.2d 988.

■ The appellants also assign as error the action of the trial court in permitting the plaintiff at the opening of the trial to call the defendant Hoyt Palmer and to cross-examine him under the statute, § 9-1206, I.C., on all of the issues without regard to whether evidence on such issues was otherwise available to plaintiff. During the course of the cross-examination, plaintiff's counsel inquired into numerous conversations and negotiations between the parties leading up to and subsequent to the agreement, and required defendant and his counsel to produce correspondence and other documents which defense counsel intended to produce in defense. It is apparent that plaintiff, who personally appeared and testified at the trial, was as familiar with these negotiations, conversations and correspondence as the defendant Palmer, and the evidence was, therefore, readily available to him. In overruling defendants' objections to such extensive cross-examination, the court relied upon Stearns v. Williams, 72 Idaho 276, 240 P.2d 833, 842. As stated by Justice Thomas in that case, the scope of cross-examination under the statute is largely in the discretion of the trial court. However, he also pointed out that the cross-examination objected to in that case "in the main * * * covered matters which were peculiarly within the knowledge of the witnesses and which were

not otherwise readily available." It is also to be noted that the two California cases cited in that opinion deal with evidence not otherwise readily available to the plaintiff. It was further particularly pointed out by Justice Thomas that the conclusions in Stearns v. Williams, supra, are not out of harmony with Boeck v. Boeck, 29 Idaho 639, 161 P. 576, or Darry v. Cox, 28 Idaho 519, 155 P. 660. The rule as to cross-examination of an adverse party under the statute has not been changed by the opinion in Stearns v. Williams. It was therefore error to permit the plaintiff to present his case through the cross-examination of the defendant. However, as we have observed, the evidence preponderantly supports the judgment, and no prejudice appearing to have resulted to defendants, the error is not sufficient for reversal. § R5–907, I.C.

During the course of the trial, plaintiff, having discovered an error in his records, was permitted to amend by reducing the amount of his demand. Citing the fact that the plaintiff was not entitled to recover the full amount claimed, the trial court disallowed attorneys' fees and interest, but did enter judgment for foreclosure of the lien. In Guyman v. Anderson, 75 Idaho 294, 271 P.2d 1020, it was pointed out that the allowance of attorneys' fees is incident to the foreclosure of the lien. The foreclosure having failed, no attorneys' fees can be allowed. The right of the plaintiff to recover interest at the statutory rate from the date the balance became due is also settled by Guyman v. Anderson, supra, and interest should have been allowed herein.

We find no merit in other assignments made.

The judgment is affirmed as against the defendant Hoyt Palmer, with directions to the trial court to add interest to the amount found due plaintiff.

The judgment against Mrs. Palmer and for foreclosure of the lien is reversed with directions to vacate.

No costs allowed.

ANDERSON and SMITH, JJ., and BAKER, D. J., concur.

KEETON, Justice (dissenting).

The fact that Genevieve Palmer, wife of Hoyt Palmer, was not named in the claim of lien as filed is of no importance. The statute, Sec. 45–507, I.C., provides that one claiming the benefits of the lien law must " * * * file for record with the county recorder for the county in which such property or some part thereof is situated, a claim containing * * * the name of the owner, or reputed owner, if known * * *." and makes no reference whatever to the record owner.

In Gem State Lumber Company v. Union Grain & Elevator Company, 47 Idaho 747, 278 P. 775, this Court held where the record owner was not named as a defendant in the notice of claim of lien, such

omission was not fatal and that the lien could be foreclosed against the actual owner of the property.

In the present situation defendant Genevieve Palmer, wife, actually directed the improvements made on the property. There could be no surprise or prejudice and the lien as filed is sufficient to bind the property.

The fact that the wife was not named as a defendant in the complaint on foreclosure is likewise not fatal.

The husband is charged with the management and control of the community property. Sec. 32–912, I.C. Actions on community obligations are properly brought against the husband alone and the wife is not a necessary party.

Nor is the wife a necessary party in an action against the husband to foreclose a mechanic's lien on community property. Levy v. Kalabich, 35 N.M. 282, 295 P. 296; Yearout v. American Pipe & Steel Corporation, 74 Cal.App.2d 139, 168 P.2d 174. In such an action the husband represents both his own and his wife's community interest. Cutting v. Bryan, 206 Cal. 254, 274 P. 326.

Hence in an action to foreclose the lien commenced within the six month period prescribed by statute the court acquires jurisdiction of the property and of the interest of both husband and wife therein. Making the wife a defendant after the six months had expired was not necessary.

Such a joinder of the wife as defendant might forestall any subsequent claim which she might assert, and making her a party could avoid a possible cloud on the title.

The fact that claimant failed to prove the full amount claimed in the lien would not prevent the allowance of attorney fees, which is only an incident to the foreclosure of the lien.

Plaintiff is entitled to have his lien foreclosed, reasonable attorney fees allowed him, and the cost of the foreclosure and interest on the sums found due. None of the matters presented by defendant constitutes any defense to the action.