388 P.2d 105

**LAYRITE PRODUCTS COMPANY, Plaintiff-Appellant,**

v.

**Joe LUX and Alphonsie Lux, husband and wife, Defendants-Respondents.**

**No. 9320.**

Supreme Court of Idaho.

Jan. 3, 1964.

Brown & Thayer, Spokane, Wash., Robert C. Strom, Craigmont, Idaho, for appellant.

Swayne & McNichols, Orofino, Idaho, for respondents.

McQUADE, Justice.

Appellant, Layrite Products Company, is hereinafter referred to as claimant.

Claimant, a Washington corporation, is a supplier of brick and masonry materials. The respondents, Joe and Alphonsie Lux, are owners of certain real estate situated in Lewis County located about one and a half miles north of the town of Nezperce. Said property was acquired by the respondents during marriage and is community property.

In the forepart of 1959, respondents contracted with Arsenault Masonry Company of Spokane, Washington, to do certain masonry work on a house that was being constructed by the respondents on the real estate above described. Arsenault Masonry Company purchased from the claimant certain building materials of the agreed value of Three Thousand Four Hundred Seventy-Seven Dollars and Thirty-five cents. These materials were furnished by the claimant to the Arsenault Masonry Company between the dates of June 26, 1959, and September 23, 1959. At least a portion of these materials were used in the construction of the house upon said property.

A notice of claim of lien was prepared by the claimant in Spokane, Washington, and is herein set out as follows:

## NOTICE OF CLAIM OF LIEN

STATE OF IDAHO,

County of Lewis

LAYRITE PRODUCTS COMPANY

Claimant

vs.

JOE LUX

ss.

Notice of Claim of Lien
of Laborer or Material Man

NOTICE IS HEREBY GIVEN that on the 26th day of June, 1959, at the request of ARSENAULT MASONRY CO. the above-named claimant commenced to perform labor upon (or to furnish material to be used upon) that certain building or structure consisting of a HOUSE situated upon the following described land, to-wit:

The Northwest Quarter of the Southwest Quarter

(NW 1/4 SW 1/4) in Section 29, Township 34 North,

Range 2 East of the Boise Meridian

_____ in _____LEWIS_____ County, State of IDAHO, of which property the owner, or reputed owner is ___JOE LUX_____

(If owner or reputed owner is not known, insert the word "UNKNOWN")

The performance of which labor (or the furnishing of which material) ceased on the 24th day of SEPTEMBER____, 1959.

That all of said land hereinabove-described is necessary for the convenient use and occupation of the said building or structure; that said labor performed, (or material furnished) was of the value of THREE THOUSAND FOUR HUNDRED SEVEN-TY-SEVEN AND 35/100 Dollars, that sixty (60) days have not elapsed since said last named date.

For which labor (or material) the claimant, undersigned, claims a lien upon the property herein described and the buildings situated thereon for the said sum of

THREE THOUSAND FOUR HUNDRED SEVENTY-SEVEN AND 35/100 Dollars
(In case claim has been assigned, state that fact)

(SEAL) _____

STATE OF WASHINGTON,   ⎫  LAYRITE PRODUCTS COMPANY
                       ⎬ ss.
County of SPOKANE_____ ⎭  Robert H. Hopkins    , Vice President

_____Robert H. Hopkins_____ being sworn, says I am the   Vice President of Layrite Products Co._____ claimant above named; I have heard the foregoing claim read and know the contents thereof and believe the same to be just.

_____Robert H. Hopkins_____
Subscribed and sworn to before me this 17th day of November, 1959

_____H. N. Hamblen_____
Notary Public in and for the State of Washington, residing at
_____Spokane, Wash.____.

———◆———

When the claim of lien was executed and verified, it was exactly as set out above except for the fact that the words "The Northwest Quarter of the Southwest Quarter (NW¼SW¼) in Section 29, Township 34 North, Range 2 East of the Boise Meridian" were not then included in the document. Mr. Hopkins employed John R. Kemper, Attorney at law, in Nezperce, Idaho, by letter on November 17, 1959, to determine and insert in the claim of lien the legal description of the property. Mr. Kemper, on

November 18, 1959, inserted on the face of the claim of lien the words, "The Northwest Quarter of the Southwest Quarter (NW¼SW¼) in Section 29, Township 34 North, Range 2 East of the Boise Meridian," and on the said 18th day of November, 1959, filed the claim of lien with the Lewis County Recorder. Mr. Hopkins did not see or re-verify the claim of lien after the same was mailed to Mr. Kemper for addition of the legal description.

In the district court, respondents moved for summary judgment on the ground that there was no genuine issue as to any material fact. The court granted the motion and dismissed the claimant's complaint. This constituted error. An examination of the records and files in this cause reveals that there is a genuine dispute over at least two material facts; whether all material furnished by the claimant actually was used in the respondents' house and whether the claimant received payment for the material furnished. These questions were expressly reserved by the parties in their stipulation of facts. There being issues of fact, it was the function of the trial court to hear the evidence and determine the facts before entering judgment. Lovell v. Lovell, 80 Idaho 251, 328 P.2d 71 (1958).

Two questions of law have been presented by this appeal which are necessary to the final determination of this case. First, in order to create a valid lien against community real property is it necessary that the wife be named in the claim of lien as one of the owners or reputed owners and second, was the claim verified as required by I.C. § 45–507. I.C. § 1–205 requires that we answer these questions of law.

The relevant portions of I.C. § 45–507 are as follows:

"Every * * * person must * * * file for record * * * a claim containing a statement of his demand, * * * with the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed or to whom he furnished the materials, and also a description of the property to be charged with the lien, sufficient for identification, which claim must be verified by the oath of the claimant, his agent or attorney, to the effect that the affiant believes the same to be just."

57 C.J.S. Mechanics' Liens § 162, p. 694 (1948) states as a general rule of law that, "* * * where the property is owned by husband and wife as an estate by the entirety, a claim naming the husband alone as owner is fatally defective, and this is also true in respect of community property when, but only when, the claim shows on its face that claimant has knowledge that

the wife has a community interest in the property. * * *" Two Washington decisions are cited to support this proposition. In Sagmeister v. Foss, 4 Wash. 320, 30 P. 80 (1892), the claim named the husband alone and the court held it was defective for two reasons. First, the claim showed on its face that the claimant knew that the defendant was a married man; "* * * having such knowledge, he was bound by the terms of the mechanic's lien law * * * to give the name of the owner or reputed owner of the land sought to be charged. Not having named the wife, he failed to comply with the statute, and therefore is not entitled to a lien. * * *" Second, the claimant failed to name the wife in the complaint; "* * * conceding that the notice was sufficient, the wife was not made a party to the foreclosure suit. Both these points we consider to be well taken. * * *" In Bolster v. Stocks, 13 Wash. 460, 43 P. 534 (1896), the claim of lien failed to mention the existence of the wife in any way, but she was, however, brought in under the complaint. The court held that under these circumstances, the wife need not be named in the claim of lien as one of the owners; "* * * This lien claim does not show on its face that the wife had an interest in the property sought to be charged, but the wife was actually brought in by the pleadings, and made a party to the action. * * *"

. There appears to be very little authority on this question. However, there are three Idaho decisions which have at least touched on the problem. In Gem State Lbr. Co. v. Union G. & E. Co., 47 Idaho 747, 278 P. 775 (1929), a materialman's lien was filed which mistakenly named the lessee instead of the record owner. The court held, in light of the fact that the defendant was in no manner misled by the mistake, that the failure to name the record owner in the claim of lien was not fatal. In Willes v. Palmer, 78 Idaho 104, 298 P.2d 972 (1956), though it was not decisive of the case, the court stated that three out of five of the judges entertained "some doubt as to the validity of the claim of lien" which failed to name the wife. In Manley v. McFarland, 80 Idaho 312, 327 P.2d 758 (1958), the claim of lien failed to name the wife and the court indicated that this was not a fatal defect. However, as was the case in Willes v. Palmer, supra, a determination of this question was not material to the case as the husband and wife had defaulted and thereby waived any defense that they might previously have had.

The statutory requirement is that only the owner or reputed owner be named. We conclude, therefore, that claimant's failure to name the wife in its claim did not invalidate its lien against community real property. In considering a contention challenging the sufficiency of compliance with

statutory requisites, it should be kept in mind that a substantial compliance in good faith meets such requirement; that the provisions of our lien statutes must be liberally construed in favor of the claimant with a view to effect their object and promote justice. Turnboo v. Keele, 86 Idaho 101, 383 P.2d 591 (1963), Dybvig v. Willis, 59 Idaho 160, 82 P.2d 95 (1938), Phillips v. Salmon River Min. & Development Co., 9 Idaho 149, 72 P. 886 (1903).

The verification problem presented by this appeal is conceded by both parties to be a matter of first impression. Although both respondents and claimant attempt to make an analogy between materialman's liens and deeds in this matter, the two differ drastically and we hesitate to indulge in the analogy. We will, therefore, resolve the case in light of reason and the statutory purpose behind the verification requirement.

As noted earlier, when claimant verified the claim of lien, the legal description of the property involved had not been inserted. Before the claim of lien was filed for record, however, claimant's attorney, on written instructions from the claimant, inserted the legal description. Respondents insist that this procedure resulted in a claim of lien being filed for record containing an unverified description of the property. They argue that the lien is either void as a whole or invalid as to the unverified portion. Claimant contends that the entire document was verified and not just a part of it. It is its position that the verification went not only to that which was presently contained in the document, but also to any later insertion which was to be made by its attorney. As we pointed out previously, the statute requires that there be filed for record a claim containing " * * * a description of the property to be charged with the lien, sufficient for identification, which claim must be verified * * *." I.C. § 45-507.

It must be first of all noted that the claim of lien as filed for record complied with the statute. It identified the parties and contained a sufficient statement of the claim, description of the property and a verification by the claimant. The verification was unqualified and on the face of the instrument, embraced the whole of the claim of lien. Indeed, anyone concerned could have relied upon the belief that the verification went to the entire claim of lien. A test to be applied is the binding effect the instrument had upon the claimant. There is no doubt that the claimant was bound by the instrument in its entirety and the legal effects flowing therefrom.

The language of the statute points out the purpose of the verification requirement.

The claim " * * * must be verified by the oath of the claimant, his agent or attorney, to the effect that the affiant believes the same to be just." There is clearly indicated a desire to frustrate the filing of frivolous claims. Claimant has done nothing which would in any way frustrate this statutory purpose. In the first place, claimant has held out to the world that it is responsible for everything contained in the claim of lien. Therefore, as indicated previously, claimant is bound by the allegations contained therein. Secondly, by claimant's express, written, delegation of authority, it has done its best to insure that only a correct claim of lien will be filed. In addition, there was complete compliance with the written authority for insertion of the land description.

Respondents have in no way been harmed by the insertion of the legal description by claimant's agent. The claim of lien as filed gave them all of the notice required by law. Indeed, it appears that the only one who could be harmed here by any error would be the claimant. If for example its agent had furnished the wrong description the lien might have failed.

The judgment of the trial court is therefore reversed and the case is remanded for further proceedings. Costs to appellant.

KNUDSON, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.