Chief Justice EISMANN,
dissenting.
Idaho Code § 45-510 provides insofar as is relevant, “No lien provided for in this chapter binds any building, mining claim, improvement or structure for a longer period than six (6) months after the claim has been filed, unless proceedings be commenced in a proper court within that time to enforce such lien----” The issue is the meaning of the words “proceedings be commenced.” The majority holds that filing a motion to amend a complaint constitutes commencing proceedings to foreclose a mechanic’s lien. Because that holding conflicts with our opinion in Griggs v. Nash, 116 Idaho 228, 775 P.2d 120 (1989), and with the unambiguous wording of the statute, I respectfully dissent.
In Griggs v. Nash, 116 Idaho 228, 775 P.2d 120 (1989), two defendants in a lawsuit filed a motion for leave to file a third-party complaint on January 29, 1987. Under the facts in the record, the two-year statute of limitations would run on their third-party claim on September 9, 1987. Id. at 234, 775 P.2d at 126. The trial court signed an order granting the motion on September 8,1987, but the defendants did not file their third-party complaint until September 23, 1987, after the statute of limitations had run. This Court held that the cause of action was barred by the statute of limitations, reasoning as follows:
On January 29, 1987, EMSI and Van Gelder filed a motion pursuant to I.R.C.P. 14(a) for leave to file a third-party complaint against Trout. A copy of the third-party complaint was attached to the motion. On September 8,1987, the trial court signed an order granting EMSI and Van *402 Gelder leave to file their third-party complaint. The order was filed on September 10, 1987. The third-party complaint was filed on September 23, 1987. Pursuant to I.R.C.P. 3(a), an action is commenced by the filing of a complaint. Therefore, the action contained in the third-party complaint was not commenced until September 23, 1987. This was at least 14 days after the two-year statute of limitations had run. Therefore, we affirm the trial court’s ruling that the third-party complaint was barred by I.C. § 5-219(4).
Id. (emphasis added).
There is no material difference in the wording of the relevant statute in Griggs and the wording of the mechanic’s lien statute in this case. In Griggs, the action had to be “commenced within the periods prescribed in this chapter after the cause of action shall have accrued.” Idaho Code § 5-201 (emphasis added) Under the mechanic’s lien statute, the lien expires “unless proceedings be commenced in a proper court within [six (6) months after the claim has been filed] to enforce such lien.” Idaho Code § 45-510 (emphasis added). Griggs cannot be logically distinguished on the ground that it was a motion to file a third-party complaint. In that case, a motion to amend a pleading was not the commencement of an action, and in this case the motion to amend a pleading likewise cannot be the commencement of foreclosure proceedings. The argument regarding no control over how long it would take the trial court to rule upon the motion to amend applies equally in both situations.
The majority seeks to distinguish Griggs and this ease by arguing that the third party in Griggs had no notice of the pending litigation while in this case Idaho Mutual had notice that Terra-West at least intended to foreclose its first lien. Our prior eases do not support a distinction based upon that rationale.
In Willes v. Palmer, 78 Idaho 104, 298 P.2d 972 (1956), a contractor filed a claim of lien to secure the unpaid balance owing him for work done on the residence of a married couple. The wife “was present during most of the time the work was being done and directed that considerable of the additions be included.” Id. at 107, 298 P.2d at 973. The contractor later timely filed an action to foreclose the lien, but named only the husband as a defendant. At the commencement of the trial, the contractor was permitted by the trial court to amend his complaint by adding the wife as a defendant. She obviously knew of the proceedings because she was personally present at the trial, joined in the answer filed by her husband, and elected to proceed with the trial rather than have a continuance to prepare. Id. She and her husband appealed a judgment in favor of the contractor and argued that the lien could not be foreclosed because she was made a party after the statutory duration period of the lien had expired. This Court agreed, holding, “The action not having been brought against [the wife] within the six month period, the lien as to her interest in the property was wholly lost.” Id. at 108, 298 P.2d at 974. In addition, we held “that the half interest of the husband could not be severed from that of the wife by foreclosure and sale to satisfy the mechanic’s lien, and that ... the right to foreclose as to the husband’s interest must also be denied.” Id. at 109, 298 P.2d at 975. This Court did not inquire as to when the wife learned of the foreclosure proceedings.
In Boise Payette Lumber Co. v. Weaver, 40 Idaho 516, 234 P. 150 (1925), the lumber company, the plumbing and heating contractor, and the builder were all unpaid after completion of a home. The contractor and builder filed mechanic’s liens, but the lumber company instead took a promissory note secured by a mortgage on the home. The lumber company filed an action to foreclose its mortgage and made the lien claimants defendants. They filed answers and cross-claims upon their respective liens, but the contractor did not file a cross-complaint against the landowner to foreclose his mechanic’s lien until more than six months after he had filed his claim of lien. Prior to the expiration of that six-month period, he and the landowner had filed a written stipulation that the time for foreclosing his lien could be extended for six months. This Court held that the contractor had lost his lien. We stated, “The time within which an action to enforce a lien can be commenced after the *403 lien has been filed cannot be extended, as against another incumbrancer, by an agreement between the lienor and the owner to extend the time of payment.” Id. at 521, 234 P. at 152. Even though the contractor had filed a cross-claim against the mortgagee regarding his lien, he lost his lien because he had not also timely filed a cross-claim against the landowner, who was a party to the litigation and would have known of the cross-claim against the mortgagee. Based upon the stipulation, the landowner also obviously knew that the contractor intended to foreclose his lien.
The majority also contends that because this is remedial legislation, we need not follow the statute as written. That is inconsistent with the above cases and is inconsistent with the nature of the mechanic’s lien. The statute clearly states that the lien expires unless a pleading to foreclose the lien is filed within the statutory period.
In Western Loan & Building Co. v. Gem State Lumber Co., 32 Idaho 497, 185 P. 554 (1919), the landowner granted a mortgage covering a city lot, and the mortgage was duly recorded. About five months later, a supplier who had furnished construction materials used in constructing a building on the lot recorded a claim of lien, and the supplier later timely commenced an action against the landowner to foreclose the lien. The supplier did not name the mortgagee as a defendant in that action. After the time for foreclosing the lien had expired, the mortgagee filed an action to foreclose its mortgage. The supplier answered and filed a cross claim to foreclose its lien. This Court held, “As against the mortgage lien, the lien for material furnished, if any existed, is lost, because the action to foreclose the same was not commenced within the time limited by the stattite.” Id. at 500-01, 185 P. at 555 (emphases added). This Court went on to explain, “The limitation prescribed by statute of the time within which an action must be brought in a proper court for the foreclosure of a mechanic’s lien is not the ordinary statute of limitation, which is waived, if not pleaded.” Id. at 501,185 P. at 555 (emphasis added). Rather, “ ‘The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all.’ ” Id. (quoting from The Harrisburg, 119 U.S. 199, 214, 7 S.Ct. 140, 147, 30 L.Ed. 358, 362 (1886)) (emphasis added).
In the similar case of Palmer v. Bradford, 86 Idaho 395, 388 P.2d 96 (1964), mortgagees brought an action to foreclose their mortgage, and they named as a defendant the supplier who had filed a claim of lien against the property but had not commenced an action to foreclose its materialman’s lien. During the succeeding two and one-half years after the claim of lien had been filed, the landowner had made six, semiannual payments of $1.00 each to the supplier. The supplier believed that those payments repeatedly extended the time within which to foreclose its lien pursuant to that portion of Idaho Code § 45-510 which provides that if payment on account is made and such payment is endorsed on the record of the lien, the time period within which to commence foreclosure proceedings is “six months after the date of such payment.” This Court held that the statute only provided for one six-month extension and therefore the supplier’s lien had ceased to exist because it had not commenced a foreclosure action with the required time. We stated:
The statute creates and limits the duration of the lien. The statute also gives jurisdiction to the court to foreclose or enforce a lien on certain conditions,-the filing of a claim of lien, and the commencement of the action within the time specified after such claim is filed. If these things are not done no jurisdiction exists in the court to enforce the lien. When the limit fixed by statute for duration of the lien is past, no lien exists, any more than if it had never been created.
Id. at 401, 388 P.2d at 99 (emphasis added). We did not broadly construe section 45-506 to permit repeated extensions of the time within which to foreclose the lien.
We have strictly followed the statutory requirement, that the lien claimant must timely commence proceedings by filing a pleading to foreclose the lien within the statutory time period. The statute is clear and *404 unambiguous, and we should continue to follow it.
Justice W. JONES concurs.